United States District Court
Eastern District of Michigan
Northern Division

United States of America,

      Plaintiff,

                             Hon. Thomas L. Ludington

v.

                             Case No. 22-cr-20108-TLL-PTM

Eddie Earl Hendrickson,

      Defendant.

                         /

# Plea Agreement

The United States of America and the defendant, Eddie Earl Hendrickson, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Count of Conviction

The defendant will waive his right to an indictment and will plead guilty to Count 1 of the information. Count 1 charges the defendant with conspiracy to commit financial institution fraud under 18 U.S.C. §§ 1344(1) and 1349.

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading

guilty carries the following minimum and maximum statutory

penalties:

| Count 1 | Term of imprisonment: | Not more than 30 years |
|---------|----------------------|------------------------|
|         | Fine: | Up to $1,000,000 |
|         | Term of supervised release: | Not more than 5 years |

## 3. Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence

consistent with its terms, the United States Attorney's Office for the

Eastern District of Michigan will not bring additional fraud charges

against the defendant for the conduct reflected in the information.

## 4. Elements of Count of Conviction

The elements of Count 1 are:

1. That two or more persons conspired, or agreed, to commit

   the crime of financial institution fraud. The elements of

   financial institution fraud are:

   a. First, that the defendant knowingly executed or
      attempted to execute a scheme to defraud, that is, a
      scheme to deceive or cheat a financial institution and

to deprive it of something of value.

    b. Second, that the scheme included a
       material misrepresentation of a material
       fact.

    c. Third, that the defendant had the intent to
       deceive or cheat the financial institution and to
       deprive it of something of value.

    d. Fourth, that the financial institution was federally
       insured.

2. That the defendant knowingly and voluntarily joined the

conspiracy.

## 5.    Factual Basis

The parties agree that the following facts are true, accurately

describe the defendant's role in the offense, and provide a sufficient

factual basis for the defendant's guilty plea:

The defendant and Person A conspired and agreed to commit the

crime of financial institution fraud. They agreed to, and executed, a

scheme to deceive or cheat a financial institution and to deprive it of

something of value. That scheme included a material misrepresentation

of a material fact and both the defendant and Person A had the intent

to deceive or cheat the financial institution and to deprive it of

something of value. Both the defendant and Person A fraudulently obtained something of value. Finally, each financial institution involved was federally insured.

From December 2019 through February 2020, the defendant and Person A, in the Eastern District of Michigan, knowingly and voluntarily combined, conspired, confederated, and agreed together and with each other, to devise and execute a scheme and artifice to defraud various financial institutions in order to obtain money, funds, and property owned by and under the control of the various financial institutions by means of false and fraudulent pretenses, representations, and promises.

To execute this conspiracy, Person A agreed to obtain, and did obtain, without lawful authority, a means of identification of Person B, specifically a stolen social security number. The name of Person B was very similar to the defendant. Person A gave this information to the defendant, and the defendant used this information by knowingly, with the intent to defraud, presenting the stolen social security number to various financial institutions as his own knowing it to be stolen, for the purpose of fraudulently obtaining loans to finance the purchase off-road

vehicles, motorcycles, and motor vehicles. Presentation of the stolen social security number by the defendant as his own was a material misrepresentation of a material fact.

The following acts of financial institution fraud were knowingly and intentionally, and with the intent to defraud, committed by the defendant as a part of executing this conspiracy:

|     | Date       | Vehicle                                    | Vendor                                      | Financial Institution                           | Loan Amount |
| --- | ---------- | ------------------------------------------ | ------------------------------------------- | ----------------------------------------------- | ----------- |
| a.  | 12/23/2019 | 2019 Honda CRF 450 (Red/White)             | Bay Cycle Sales                             | American Honda Financial Services               | $9,443.89   |
| b.  | 12/23/2019 | 2020 Honda TRX 520 (Red/White)             | Bay Cycle Sales                             | American Honda Financial Services               | $11,556.47  |
| c.  | 12/28/2019 | 2020 Polaris Sportsman 570                 | Shiawassee Sports Center                    | Financial Plus Credit Union, Flint, MI          | $9,125.94   |
| d.  | 12/28/2019 | 2020 Polaris Sportsman 570                 | Shiawassee Sports Center                    | Financial Plus Credit Union, Flint, MI          | $8,437.14   |
| e.  | 12/30/2019 | 2012 Jeep Grand Cherokee                   | Brighton Chrysler, Dodge, and Jeep          | Case Credit Union                               | $21,658.00  |

| | | | | | |
|---|---|---|---|---|---|
| f. | 01/08/2020 | 2020 Polaris Outlaw-Gray/Lime | Shiawassee Sports Center | Security Credit Union | $3,719.94 |
| g. | 01/08/2020 | 2020 Polaris Outlaw-Gray/Lime | Shiawassee Sports Center | Security Credit Union | $3,719.94 |
| h. | 01/09/2020 | 2015 Ram 1500 Rebel | Brighton Chrysler, Dodge, and Jeep | Case Credit Union | $26,267.64 |
| i. | 01/10/2020 | 2018 Dodge Charger | Automania LLC | PNC Bank | $36,468.70 |
| j. | 01/13/2020 | 2019 Honda CRF 450 (Red/White) | Extreme Dodge/Truck | Citizens Bank | $36,186.00 |
| k. | 01/14/2020 | 2019 Honda TRX90X | Genthe Power Sport | Citi Bank | $3,796.48 |
| l. | 01/14/2020 | 2019 Honda TRX90X | Genthe Power Sport | Citi Bank | $3,796.48 |
| m. | 01/14/2020 | 2019 Honda CRF 450R | Genthe Power Sport | American Honda Financial Services | $10,044.36 |
| n. | 01/31/2020 | 2019 Honda CRF 450RX | Bay Cycle Sales | American Honda Financial Services | $12,459.04 |
| o. | 02/18/2020 | 2019 Honda CRF 125FBL | Norde Ride Motor Sports | Citi Bank | $4,400.00 |

Each of the financial institutions listed above were financial institutions as defined in 18 U.S.C. § 20 whose deposits were then insured by the Federal Deposit Insurance Corporation.

After obtaining the vehicles described above, the defendant and Person A either retained possession of the vehicles, sold them or gave them to third parties, or otherwise fraudulently disposed of them.

## 6. Advice of Rights

The defendant has read the information, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.  The right to plead not guilty and to persist in that plea;

B.  The right to a speedy and public trial by jury;

C.  The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.  The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.      The right to confront and cross-examine adverse witnesses at trial;

F.      The right to testify or not to testify at trial, whichever the defendant chooses;

G.      If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.      The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.      The right to compel the attendance of witnesses at trial.

## 7.    Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to

vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If,

however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.   Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply: A ten (10) level enhancement under USSG § 2B1.1(b)(1)(F) for loss exceeding $150,000.

## D. Factual Stipulations for Sentencing Purposes

The parties stipulate that the following facts are true and that the Court may, but is not required to, rely on them in calculating the defendant's guideline range and imposing sentence: the total amount of fraudulently obtained loans is at least in the amount of $201,080.02.

The parties have no additional factual stipulations for sentencing purposes.

## E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

## F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government

likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

### 9. Imposition of Sentence

#### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

#### B. Imprisonment

##### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the midpoint of the defendant's guideline range as determined by the Court. The government further recommends that the defendant's sentence of imprisonment run concurrently to any state sentence imposed in Genesee County (Michigan) Circuit Court Case No. 20-046719-FH.

##### 2. No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

## C.    Supervised Release

### 1.    Recommendation

There is no recommendation or agreement as to the length of the term of supervised release and the parties are free to seek any term they deem appropriate.

### 2.    No Right to Withdraw

The defendant understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to

or limit any term of imprisonment that results from any later
revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine and the
parties are free to seek any amount they deem appropriate.

### E. Restitution

The Court must order restitution to every identifiable victim of
the defendant's offense. There is no recommendation or agreement on
restitution, although the defendant agrees that restitution shall be at
least $201,080.02, the total amount of the fraudulently obtained loans.
The Court will determine at sentencing who the victims are and the
amounts of restitution they are owed.

The defendant agrees that restitution is due and payable
immediately after the judgment is entered and is subject to immediate
enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and
3613. If the Court imposes a schedule of payments, the defendant
agrees that the schedule of payments is a schedule of the minimum
payment due, and that the payment schedule does not prohibit or limit

the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F. Forfeiture

Pursuant to 18 U.S.C. § 982(a)(2), the defendant agrees to forfeit to the United States any and all property, real or personal, which constitutes proceeds obtained or derived, directly or indirectly, from the defendant's violation of 18 U.S.C. § 1349, conspiracy to violate 18 U.S.C. §1344, as charged in Count One of the Information.

The defendant also agrees to the entry of a personal forfeiture money judgment against him in favor of the United States in an amount to be determined by the Court at the sentencing hearing, which

is equal to the amount of proceeds the defendant obtained or derived, directly or indirectly, from his violation of 18 U.S.C. § 1349.

The defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the defendant. To satisfy the money judgment, the defendant explicitly agrees to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

The defendant agrees to the entry of one or more orders of forfeiture, including a Preliminary Order of Forfeiture, containing the above referenced forfeiture of proceeds and the forfeiture money judgment, upon application by the United States at, or any time before, his sentencing in this case. The defendant agrees to sign such an order, indicating he consents to its entry if requested to do so by the government. The defendant agrees that the forfeiture order will be final and effective as to him upon entry by the Court.

The defendant waives his right to have a jury determine the forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure and/or forfeiture of property covered by this Plea Agreement. The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

### 10.    Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

### 11.    Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C.

§ 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 13. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any

Page **19** of **22**

statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 14.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 15.   Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions

against the defendant, or any forfeiture claim against any property, by
the United States or any other party.

**16.    Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in
the United States Attorney's Office by 4:00 p.m. on March 31, 2022. The
government may withdraw from this agreement at any time before the
defendant pleads guilty.

                                        Dawn N. Ison
                                        United States Attorney


_____            _____
Anthony P. Vance                    J. Michael Buckley
Chief, Branch Offices               William J. Vailliencourt, Jr.
Assistant United States             Assistant United States
Attorney                            Attorneys

Dated:  March 4, 2022


By signing below, the defendant and his attorney agree that the
defendant has read or been read this entire document, has discussed it
with his attorney, and has had a full and complete opportunity to confer
with his attorney. The defendant further agrees that he understands
this entire document, agrees to its terms, has had all of his questions

answered by his attorney, and is satisfied with his attorney's advice and

representation.

_____
Haralambos D. Mihas
Attorney for Defendant

_____
Eddie Earl Hendrickson
Defendant

Dated: 3|15|22